IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMIAH RICE,

    Plaintiff,

vs.                                           Case No. 18–cv–1019–DRH

POE,
OSBORNE,
WINANS,
STEPHANIE WAGGONER,
MICHAEL REDMAN, and
CHRISTOPHER WEABER

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff Jeremiah Rice, an inmate in Danville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Vandalia Correctional Center. Plaintiff seeks compensatory and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

On April 1, 2017, Plaintiff had low blood sugar, which made him incoherent, lethargic, and unresponsive. (Doc. 1, p. 7). While transporting Plaintiff to the Health Care Unit ("HCU"), defendant Poe pushed Plaintiff from behind, and tightly handcuffed him, cutting off his circulation and causing numbness and pain in his wrists. *Id*. Poe then took Plaintiff to the yard office, where he threw him down, placed his knee on Plaintiff's back, choked him, and

2

yelled expletives. (Doc. 1, p. 8). Defendant Winans was present and failed to intervene. *Id.* Winans threatened to "drug and bury Plaintiff in segregation" if he reported the assault. *Id.* Winans ordered Poe to take Plaintiff to medical, and Poe dragged Plaintiff back to the HCU. *Id.*

Plaintiff's family called the Vandalia Police Department and reported the April 1st assault. (Doc. 1, p. 12). The police department inquired at the prison, and immediately after, Plaintiff was taken to segregation, where he stayed from April 1, 2017 through June 28, 2017. *Id.* Defendant Osborne issued Plaintiff a disciplinary report because of the report made to the police department. (Doc. 1, pp. 12-13). This disciplinary report cited Plaintiff for interfering or impeding an investigation and giving false information to an employee. (Doc. 1, p. 13). Plaintiff was denied the opportunity to be heard or present evidence at his May 5, 2017 adjustment committee hearing. *Id.* Defendant Redman found him guilty without calling any of Plaintiff's witnesses. *Id.* Plaintiff was sentenced to 90 days in segregation, 90 days of C-grade, and the revocation of 90 days good time credit, and a disciplinary transfer. *Id.* Plaintiff appealed, but the Warden denied his appeal. (Doc. 1, p. 14). Plaintiff alleges that defendant Waggoner refused to provide protection to Plaintiff after he filed a complaint against prison staff in retaliation for his First Amendment conduct. (Doc. 1, p. 16). As a result, Plaintiff was retaliated against. *Id.*

On May 10, 2017, Plaintiff was returning from the HCU, when he encountered Lt. Osborne. (Doc. 1, p. 14). Plaintiff stated "good job with the

3

investigation." *Id.* Osborne then wrote Plaintiff a false disciplinary report for intimidation, threats, and disobeying a direct order. *Id.* Plaintiff was found guilty by the adjustment committee on May 11, 2017. (Doc. 1, pp. 14-15). He was sentenced to revocation of 30 days of good time credit. (Doc. 1, p. 15). Plaintiff alleges that the guilty verdict was based on the officer's report without any testimonial evidence by any of the officers that allegedly witnessed the incident. *Id.*

## Discussion

The severance order designated 5 claims for this action:

**Count 1** – Poe and Winans used excessive force and/or failed to intervene in the use of excessive force on Plaintiff on April 1, 2017 in violation of the Eighth Amendment;

**Count 2** – Poe and Winans were deliberately indifferent to Plaintiff's injuries sustained during the excessive force incident when Poe escorted Plaintiff to the HCU by dragging him 100 yards in violation of the Eighth Amendment;

**Count 3** – Osborne, Redman, and Waggoner retaliated against Plaintiff for reporting the alleged April 1st assault by writing a false disciplinary ticket and finding him guilty in violation of the First Amendment;

**Count 4** – Redman, Weaber, and Waggoner denied Plaintiff his due process rights during the hearings on his disciplinary tickets in violation of the Fourteenth Amendment;

**Count 5** – Osborne further retaliated against Plaintiff for saying "good job with the investigation" by writing Plaintiff another disciplinary report in violation of the First Amendment.

As to **Count** 1, the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under

4

§ 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Lewis v. Downey*, 581 F.3d 467, 477 (7th Cir. 2009); *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff has alleged that defendant Poe over-tightened his handcuffs and then attacked him while escorting Plaintiff to the HCU. Excessively tight handcuffs can be an example of excessive force. *Payne v. Pauley*, 337 F.3d 767, 779 (7th Cir. 2003); *Herzog v. Village of Winnetka*, 309 F.3d 1041 (7th Cir. 2002). Moreover, slamming an inmate down and choking him, as Poe is alleged to have done, also states a claim for excessive force in the absence of penological

5

justification. There is nothing in the Complaint to suggest Poe had any justification for his conduct. On these facts, Plaintiff has adequately alleged an excessive force claim against defendant Poe.

Additionally, as to defendant Winans, under the Eighth Amendment, a correctional officer may be held liable for failing to intervene if he or she has a realistic opportunity to step forward and protect a plaintiff from another officer's excessive force, but fails to do so. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Plaintiff has alleged that Winans observed Poe commit the act of excessive force and refused to intervene. That is sufficient to state a claim, and so **Count 1** will proceed against both Poe and Winans.

Plaintiff has additionally alleged that Poe and Winans were deliberately indifferent to his serious medical needs. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d

1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Although Plaintiff's Complaint alleges that Winans ordered Poe to escort Plaintiff back to the HCU, and that Poe did in fact take Plaintiff to the HCU, Plaintiff alleges that Poe accomplished this by dragging him 100 yards by his already overly-tight handcuffs. It is plausible from this allegation that Poe was therefore deliberately indifferent to any injuries caused by the handcuffs since the effect of escorting Plaintiff in this manner would likely be to worsen any injuries. It is also plausible from Plaintiff's Complaint that Winans likewise failed to intervene in this incident. Accordingly, **Count 2** will proceed against defendants Winans and Poe.

**Count 3** alleges that, after Plaintiff's family filed a report with the local police, defendants Osborne, Redman, and Waggoner retaliated against him by disciplining him. To succeed on a First Amendment retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in

7

the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

The Court will presume at the pleading stages, that Plaintiff's report of the assault to his family, which was in turn related to the police, constituted protected conduct. Moreover, Plaintiff has alleged that he lost good time credit,[1] privileges, and was sent to segregation as a result of the discipline. These actions clearly constitute a detriment. Moreover, the alleged retaliation happened close on the heels of the report, suggesting that the report could have been the motivating factor for the discipline. Plaintiff has adequately stated a retaliation claim against Osborne, Redman, and Waggoner.

Additionally in **Count 4**, Plaintiff has alleged that the May 5, 2017 hearing deprived him of his due process rights because he was not allowed to call witnesses or present evidence. Plaintiff additionally alleges that his rights were violated during a May 11, 2017 hearing when the adjustment committee relied on inadequate evidence. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Here, Plaintiff has alleged that he lost good time credit. Good time credit is a recognized liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974); *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001).

---

[1] This case raises some issues pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), but resolutions of those issues is best left to a more developed record.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff*, 418 U.S. at 563-69; *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

First, Plaintiff has alleged that he was deprived of the third element; he was not permitted to present evidence or call witnesses on his own behalf. As Plaintiff has alleged that he was deprived of a recognized liberty interest and of one of the listed *Wolff* protections, he has adequately stated a claim for violation of his due process rights regarding the May 5, 2017 hearing.

Additionally, as to the May 11, 2017 hearing, Plaintiff has alleged that the decision was not supported by adequate evidence. In a due process claim, not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Plaintiff has alleged that the adjustment committee relied on the officer's report

9

without investigating the veracity of the report by interviewing other witnesses. At this stage, the Court will also allow Plaintiff's due process claim regarding the May 11, 2017 hearing to proceed.

But **Count 5** must be dismissed. As discussed more fully above, in order to state a retaliation claim, Plaintiff must allege that he engaged in protected conduct. Plaintiff's statement to Osborne, "good job with the investigation," is not protected conduct. In order to determine whether speech constitutes protected First Amendment activity, the Court employs the *Turner* test. In *Turner v. Safley*, the Supreme Court articulated the penological interest test: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). The question is whether the speech at issue is consistent with legitimate penological objectives. *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009).

Inmates retain a First Amendment right to complain about prison staff, whether orally or in writing, but only in ways consistent with their status as prisoners. *See Turner*, 482 U.S. at 89–90; *Watkins v. Kasper*, 599 F.3d 791, 796-97 (7th Cir. 2010); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006); *Simpson v. Nickel*, 450 F.3d 303, 307 (7th Cir. 2006). Insubordinate, verbal remarks to prison staff are inconsistent with the status of a prisoner. *See Kervin v. Barnes*, 787 F.3d 833, 834 (7th Cir. 2015) (concluding that a prisoner engaged in unprotected backtalk by insisting on speaking with a lawyer after the guard had said "no"); *Lockett v. Suardini,* 526 F.3d 866, 874 (6th Cir. 2008) (calling a

hearing officer "foul and corrupted bitch" was not protected speech because the remark was "insulting, derogatory, and questioned her authority"); *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 858, 864 (5th Cir. 2004) (concluding that an inmate who during a religious service accused a chaplain of theological errors had engaged in an unprotected challenge to institutional authority).

Plaintiff has alleged in this lawsuit that he does not believe the investigation was a "good job." Rather, he has characterized it as biased and retaliatory. Presumably, that is the sense he was attempting to convey in his speech to defendant Osborne. Plaintiff has also alleged that the incident occurred while he was being transported back to his cell from the HCU. Plaintiff has failed to allege facts making it plausible that his complaint was consistent with legitimate penological objectives. It did not occur at a recognized time or place for making complaints. It was not constructive. And to the extent that it was attempting to convey Plaintiff's true feelings about the investigation, it was likely sarcastic and inappropriate. Therefore, as Plaintiff has not plausibly alleged that he engaged in protected conduct, **Count 5** will be dismissed without prejudice for failure to state a claim.

### Pending Motions

Plaintiff has filed a Motion for Service of Process at Government Expense. (Doc. 4). Although Plaintiff is not proceeding in forma pauperis in this action, the Court recognizes that because Plaintiff is incarcerated, he may have difficulty

effectuating service within the 90 day time limit imposed by Federal Rule of Civil Procedure 4(m). Therefore, Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED**.

Plaintiff's Motion for Recruitment of Counsel is referred to a United States Magistrate Judge for disposition. (Doc. 3).

## Disposition

**IT IS ORDERED** that **Counts 1-4** survive threshold review against defendants Poe, Osborne, Winans, Waggoner, Redman, and Weaber. **Count 5** is **DISMISSED without prejudice** for failure to state a claim. Plaintiff's Motion for Service of Process at Government Expense is **GRANTED**. (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Poe, Osborne, Winans, Waggoner, Redman, and Weaber: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall

furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured

in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.19
13:19:02 -05'00'

**United States District Judge**